# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ASHLEY MIRIAH BLACK-WHITAKER
and DEVON LEE TROUP, JR.,

                    Plaintiffs,

v.

KERRY HOFFMAN,

                    Defendant.

Case No. 2:25-cv-10057

Hon. Brandy R. McMillion

---

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil rights case filed pursuant to 42 U.S.C. § 1983 by Plaintiffs Ashley Miriah Black-Whitaker ("Whitaker") and her son Devon Lee Troup, Jr. ("Troup") (collectively, "Plaintiffs") against their landlord Defendant Kerry Hoffman ("Defendant") for failure to remediate mold and mildew in the apartment Plaintiffs leased from Defendant. *See generally* ECF No. 1. Plaintiffs have also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. After reviewing the Complaint, the Court **SUMMARILY DISMISSES** Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court finds that Plaintiffs have failed to state a federal claim for which relief can be granted, and Plaintiffs' state law claims should be litigated in state court.

## I.

In December 2018, Plaintiffs entered into a Rental Agreement to rent a residence owned by Defendant.  ECF No. 1, PageID.6.  Shortly after moving in, Plaintiffs observed a strong odor coming from a closet in the basement of the home. *Id.*  This was communicated to Defendant, who informed Plaintiffs that there was poor circulation in that area and Plaintiffs should just leave the closet door open to allow circulation.  *Id.*  In June 2023, Whitaker entered the basement closet to retrieve summer clothing and determined that the clothing had molded and was mildewed. *Id.* at PageID.6-7.  In July 2023, all the carpet and flooring of the home became moist and wet.  *Id.* at PageID.7.  And by November 2023 into February 2024, Whitaker's son Troup had to seek medical intervention for extreme coughing and breathing issues.  *Id.* at PageID.7-8.

In April 2024, Whitaker again informed Defendant of the mold and mildew smell.  *Id.* at PageID.8.  Concerned with the medical problems Troup was experiencing, Whitaker hired a contractor to determine the root cause of the smells emanating from the basement.  *Id.*  The contractor informed Whitaker that the basement was in fact infested with mold and mildew, it was harmful to Plaintiffs, and Plaintiffs should vacate the home until the mold could be abated.  *Id.* at PageID.9.  On April 20, 2024, Whitaker contacted Defendant to inform her about the mold.  *Id.* at PageID.10.  Defendant sent a maintenance man to the home, but

Plaintiffs claim he did nothing to remediate the mold. *Id.* Defendant also scheduled an inspection of the basement, but before that could occur Plaintiffs allege that Defendant had the maintenance man paint over the mold in the basement. *Id.* at PageID.11.

Over the next several months, Plaintiffs lived outside of the residence and did not return until September 12, 2024. *Id.* at PageID.12. Plaintiffs believed this to be enough time for Defendant to remediate the premises, but that was not done. *Id.* at PageID.13. Upon return, Plaintiffs were still met with mold and mildew. *Id.* In October 2024, Defendant again repainted the home, but Plaintiffs claim it was just to cover the mold that was bleeding through the previous paint job. *Id.* Whitaker again had the contractor return to the home to do an inspection and learned that the home was still infested with mold and mildew, presenting health and safety hazards to humans and animals. *Id.* at PageID.14.

As a result of this, Plaintiffs initiated this action against Defendant on January 8, 2025. *See generally* ECF No. 1. Plaintiffs' Complaint raises several claims, including deliberate indifference and failure to remediate in violations of the First, Fifth, Eighth, and Fourteenth Amendments, as well as claims for torture pursuant to Mich. Comp. Laws § 750.85, attempted murder pursuant to Mich. Comp. Laws §

750.91, breach of contract, and negligence.[1]  Plaintiffs seek compensatory, punitive, and continuing damages, and costs.  *Id.* at PageID.17-18.

## II.

Plaintiffs have filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*).  ECF No. 2.[2]  Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiffs are proceeding *pro se*, the Court must construe their pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even

---

[1] While the Complaint formally only lists two counts – Intentional Breach of Contract (Count I) and Deliberate Indifference to Plaintiff's Serious Medical Needs (Count II) – the Court liberally construes it to include the additional claims mentioned.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (courts liberally construe *pro se* pleadings).

[2] The Court notes that the IFP Application is captioned with Plaintiffs' names but appears to be signed by Tremain Vernon Jones.  The Court is unsure who Jones is, but for the sake of initial screening is considering the application as duly filed.

under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678. To establish a federal civil rights claim, a plaintiff must show that they were deprived of a right, privilege, or immunity guaranteed by the federal

Constitution or laws by someone acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

**III.**

While Plaintiffs' Complaint only states two counts, it appears to allege both federal civil rights claims, as well as state law claims. The Court will address each in turn.

**1. Federal Claims**

As an initial matter, the Court notes that Plaintiffs' Complaint includes an alleged violation of the First Amendment to the United States Constitution. *See* ECF No. 1, PageID.5. However, the Complaint is void of any factual allegations associated with any claims relating to violations of the First Amendment. Plaintiffs are required to allege sufficient facts to support their claims. *Twombly*, 550 U.S. at 555. When they fail to do so, the Complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. Therefore, the Court dismisses any First Amendment claim with prejudice.

Plaintiffs also allege in Count II a Deliberate Indifference claim under the Fifth, Eighth and Fourteenth Amendments and a Failure to Act claim under the Eighth and Fourteenth Amendments. *See* ECF No. 1 at PageID.14-16. These claims are also subject to dismissal because as an individual, Defendant cannot be liable for a § 1983 claim unless acting under the color of state law – that is, having "exercised

6

the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed by the authority of state law.'" *Memphis, Tennessee Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Holding a private entity liable under a § 1983 claim can be shown where the entity's actions are reasonably attributable to the state through the Public Function Doctrine, state compulsion, or a close nexus between the state and the private entity.  *See Flagg Bros., Inc.*, 436 U.S. at 156; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (applying the state action tests).

Here, Plaintiffs do not allege any facts to support how Defendant was acting under the color of state law or as a state actor.  They do not provide facts sufficiently demonstrating that the state compelled or significantly encouraged Defendant's actions in any way, nor do they show a close nexus between Defendant and the state. Plaintiffs only make the conclusory allegation that Defendant was acting "'[u]nder the color of state law' during the events . . . alleged . . . ." *See* ECF No. 1, PageID.3, ¶6.  Therefore, the Court must dismiss these claims for failure to state a claim upon which relief can be granted.  *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (holding that private entities are not state actors without significant state involvement).

7

Even if Plaintiffs could show that Defendant was acting under the color of state law, the Eighth Amendment claims would still be subject to dismissal. The Eighth Amendment protects against cruel and unusual punishment, primarily in the context of criminal justice and punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (applying the Eighth Amendment to prison conditions); *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (discussing the scope of the Eighth Amendment protections). Plaintiffs' allegations pertain to personal injury sustained by a landlord's failure to act, which does not fall under the purview of the Eighth Amendment. ECF No. 1 at PageID.2. Because the Eighth Amendment is inapplicable to those claims, the Court must dismiss it for failure to state a claim. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (limiting the Eighth Amendment to criminal punishment).

## 2.  State Claims

Similarly, Plaintiffs' claims of Torture in violation of Mich. Comp. Laws § 750.85 and Attempted Murder in violation of Mich. Comp. Laws § 750.91 also fail. Plaintiffs allege that by willfully and knowingly failing to provide preventative and corrective action to abate the mold, Defendant violated the torture and attempted murder criminal statutes. *See* ECF No. 1, PageID.5. However, only proper governmental authorities can enforce criminal laws and private parties have no right to do so. *See Am. Post Workers Union, AFL-CIO v. Indep. Postal Sys. of Am., Inc.*,

481 F.2d 90, 93 (6th Cir. 1973); *Assoc. Builders & Contractors v. Perry*, 16 F.3d 688, 692 (6th Cir. 1994) ("[P]rivate citizen[s] lack[] a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Lee v. Stewart*, No. 20-5952, 2021 WL 6932349 (6th Cir. Aug. 24, 2021).  Consequently, these claims must be dismissed with prejudice.

That leaves Plaintiffs' state law claims for Breach of Contract (Count I) and Negligence (listed under Count II).  *See* ECF No. 1, PageID.15-17.  District courts have discretion to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  Given the dismissal of the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law breach of contract and negligence claims.  The Court dismisses those claims without prejudice and instructs Plaintiffs that they can refile those claims in state court if they so desire.

## IV.

Accordingly, Plaintiffs' First, Fifth, Eighth and Fourteenth Amendment federal claims, as well as their alleged Mich. Comp. Laws § 750.85 – Torture and Mich. Comp. Laws § 750.91 – Attempted Murder state claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).  The state law breach of contract and negligence claims

are **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiffs

so desire.  Plaintiffs' request to proceed *in forma pauperis* (ECF No. 2) is **DENIED**

**AS MOOT**.

       **IT IS SO ORDERED.**

Dated: January 14, 2025                      s/Brandy R. McMillion
                                                HON. BRANDY R. MCMILLION
                                                U.S. District Judge